UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

RAYMON RAY,

              Petitioner,

     v.

MARK BRADT,

             Respondent.

----------------------------------------------------------x

**MEMORANDUM & ORDER**
11-CV-400 (MKB)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ APR 01 2013
BROOKLYN OFFICE

MARGO K. BRODIE, United States District Judge:

      Petitioner Raymon Ray brings the above-captioned *pro se* petition pursuant to 28 U.S.C. § 2254, in which he alleges that he is being held in state custody in violation of his federal constitutional rights. Petitioner's claims arise from a judgment of conviction after a jury trial in New York Supreme Court, Queens County, for second-degree burglary, fourth-degree grand larceny, fourth-degree criminal possession of stolen property, fourth-degree criminal mischief and possession of burglar's tools in 2008.

      The Court referred Petitioner's claim to United States Magistrate Judge Lois Bloom. By Report and Recommendation ("R&R") dated February 1, 2013, Magistrate Judge Bloom recommended that the petition for writ of habeas corpus be denied. (Docket No. 19.) No objections were filed.

      A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to



object.'" *Sepe v. New York State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir.1997)).

This Court has reviewed the unopposed R&R, and, finding no clear error, the Court adopts Magistrate Judge Bloom's R&R in its entirety pursuant to 28 U.S.C. § 636(b)(1). The petition for habeas corpus is denied, and the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253. It is further certified pursuant to 28 U.S.C. § 1915(a) that any appeal would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438 (1962). The Clerk of Court is directed to close the case.

SO ORDERED:

MARGO K. BRODIE
United States District Judge

Dated: April 1, 2013
Brooklyn, New York